J-S48011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN ROBERT OLIVER, | : | |
| | : | |
| Appellant | : | No. 299 EDA 2018 |

Appeal from the PCRA Order December 21, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001281-2004,
CP-48-CR-0002986-2015

BEFORE: DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 18, 2018**

Appellant, John Robert Oliver, appeals from the December 21, 2017[1]

Order entered in the Northampton County Court of Common Pleas dismissing

as untimely his Petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the

basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks

jurisdiction to review the Petition.

---

[1] Appellant purports to appeal from the December 20, 2017 Order dismissing
his PCRA Petition as untimely. Although this Order is dated December 20,
2017, it does not appear on the docket until December 21, 2017. We have
changed the caption accordingly.

---

* Retired Senior Judge assigned to the Superior Court.

Briefly, on May 27, 2004, Appellant entered a guilty plea to one count of Sexual Abuse of Children – Child Pornography.[2]  On August 27, 2004, the trial court sentenced Appellant to an aggregate term of 12 to 60 months' incarceration.[3]

Appellant did not file a direct appeal.  Thus, Appellant's Judgment of Sentence became final on September 27, 2004, upon expiration of the time to file a direct appeal.[4]  **See** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). Appellant subsequently filed two unsuccessful PCRA Petitions challenging his 2004 conviction.

On November 12, 2015, Appellant entered a guilty plea to one count of Failure to Comply with Sex Offender Registration Requirements.[5]  On December 11, 2015, the trial court sentenced Appellant to an aggregate term of 11½ to 23 months' incarceration.

_____

[2] 18 Pa.C.S. § 6312(d).

[3] Appellant avers that he was sentenced pursuant to "Megan's Law III" to a ten-year registration period, and later fell under SORNA's 15-year registration period.  Appellant's Brief at 3.

[4] September 26, 2004, was a Sunday.  **See** 1 Pa.C.S. § 1908.

[5] 18 Pa.C.S. § 4915(a)(1).  We note that 18 Pa.C.S. § 4915.1 replaced Section 4915 on December 20, 2012.

Appellant did not file a direct appeal. Thus, Appellant's Judgment of Sentence became final on January 11, 2016, upon expiration of the time to file a direct appeal.[6] *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On August 8, 2017, Appellant filed a *pro se* PCRA Petition addressing both his 2004 and 2015 convictions.[7] Appellant alleged, *inter alia*, that his sentence was illegal.

The PCRA court appointed counsel, and counsel filed an Amended PCRA Petition on November 16, 2017. On December 21, 2017, the PCRA court filed an Order denying Appellant's PCRA Petition without a hearing. On December 27, 2017, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907 ("907 Notice"). On February 14, 2018, the PCRA court again dismissed Appellant's PCRA Petition as untimely.

Appellant timely filed a *pro se* Notice of Appeal on January 19, 2018. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[8]

Appellant presents two issues for our review:

1. Whether the trial court erred when it denied relief for lack of jurisdiction over Appellant's PCRA Petition[?]

---

[6] January 10, 2016, was a Sunday. *See* 1 Pa.C.S. § 1908.

[7] With respect to his 2015 conviction, this was Appellant's first PCRA Petition.

[8] The PCRA court adopted the reasoning in the December 27, 2017 Rule 907 Notice.

[2.] Whether the trial court erred when it denied relief stating the holding in **Commonwealth v. Muniz**, 164 A.3d 1189 ([Pa.] 2017), should not be retroactively applied in state collateral courts[?]

Appellant's Brief at 1.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely

file the PCRA petition. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, Appellant's 2004 Judgment of Sentence became final on September 27, 2004, and his 2015 Judgment of Sentence became final on January 11, 2016. In order to be timely, Appellant needed to file his PCRA Petitions by September 27, 2005 and January 11, 2017, respectively. Appellant filed this PCRA Petition on August 8, 2017, more than twelve years after his 2004 Judgment of Sentence became final and more than one year after his 2016 Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely with respect to each case. PCRA Court's 907 Notice, filed 12/27/17, at 2.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b). Appellant fails to meet this burden.

Here, Appellant attempts to satisfy the timeliness exception of Section 9545(b)(1)(iii), which provides that a petitioner may seek relief when there is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Appellant argues that his fifteen-year registration requirement is unconstitutional under our Supreme Court's recent decision in

*Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (holding that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution).[9]

Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

Here, we recognize that this Court has previously opined that "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA Petition is facially untimely (unlike the timely first petition at issue in *Rivera–Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy Section 9545(b)(1)(iii). *Commonwealth v. Murphy*, 180

---

[9] In his Brief, Appellant alleges that he was originally sentenced pursuant to "Megan's Law III" to a ten-year registration period and later fell under SORNA's fifteen-year registration period. Appellant's Brief at 3. Appellant argues that his case is similar to this Court's previous Opinion in *Rivera–Figueroa*, *supra*. For the reasons below, we disagree and conclude that Appellant's case is procedurally distinguishable from *Rivera–Figueroa*.

A.3d 402, 405-06 (Pa. Super. 2018). Our Supreme Court has not yet made such a pronouncement. *Id.* Thus, Appellant cannot rely on *Muniz* to meet that timeliness exception.[10] *Id.*

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. *See* PCRA Court's 907 Notice, filed 12/27/17, at 2-3.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18

---

[10] If the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the "new retroactive right" exception of Section 9545(b)(1)(iii).